Amir J. Goldstein (State Bar No. 255620)
The Law Offices of Amir J. Goldstein, Esq.
E-mail: ajg@consumercounselgroup.com
7304 Beverly Boulevard, Suite 212
Los Angeles, CA 90036
Telephone: (323)937-0400
Fax: (866) 288- 9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREN FRANKS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LENS.COM, INC., and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | CASE NO.:   2:23-cv-3870<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

　　　　Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendant LENS.COM, INC., alleges as follows:

**INTRODUCTION**

　　　　1.　　Defendant Lens.Com, Inc. sells contact lenses to customers on its website "www.lens.com."

　　　　2.　　Plaintiff was at all times mentioned herein a customer of Defendant.

　　　　3.　　This is a nationwide class action by Plaintiff and all other persons similarly situated who were overcharged by Defendant based on false, misleading, and deceptive advertising in violation of 15 U.S.C. §1125 et seq., or the Lanham Act and California Business and Professions Code §17500 et seq.  Plaintiff also alleges violations under California Business

---

1

**CLASS ACTION COMPLAINT**

1  and Professions Code §17200 et seq. and California Civil Code §1750 et seq. and has claims for
2  breaches of the implied covenant of good faith and fair dealing.

## THE PARTIES

4. Plaintiff is a natural person residing in Mountainside, New Jersey.

5. Defendant Lens.com, Inc. is a Nevada corporation that regularly conducts business in this district.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §1125. Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. §1367.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(b) in that there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. This is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B). The U.S. District Courts have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is different from any defendant. There is complete diversity of citizenship in this action. In accordance with 28 U.S.C. § 1332(d)(6), the claims of the individual class members must be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. The claims of the putative Class Members in this action exceed $5 million, exclusive of interest and costs, when aggregated. The number of members of each putative Class is more than 100.

9. This Court has supplemental jurisdiction over the State law claims in this matter pursuant to 28 U.S.C. § 1367(a), as such causes of action are so related to the claims in the action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 that they form part of the same case or controversy under Article III of the United States Constitution.

**CLASS ACTION COMPLAINT**

10. Defendant is subject to the personal jurisdiction of this Court in this judicial district in that:

   a. Defendant transacts business with the public in this judicial district.

   b. Defendant otherwise has minimum contacts with this judicial district and, under the circumstances, it is fair and reasonable to require Defendant to come into this judicial district to defend this action.

## FACTUAL ALLEGATIONS

11. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

12. That in or about October 2022, Plaintiff visited Defendant's website, www.lens.com, to purchase prescription contact lenses.

13. That once the Plaintiff entered his prescription information and selected the brand of contact lenses that he wanted to purchase, Defendant's website indicated that the "total" price per box for the "Right Eye" would be "$75.24" and the "total" price per box for the "Left Eye" would be "$75.24."

14. That based on this information, Plaintiff's purchase price for two boxes of contact lenses would be approximately $150.48.

15. That Plaintiff then selected the "Standard" shipping method for the contact lenses, which according to Defendant's website, would cost the Plaintiff an additional "$9.95."

16. That Plaintiff relied on said pricing information on the Defendant's website and decided to purchase the two boxes of contact lenses with "Standard" shipping.

17. That Plaintiff did not purchase any other items.

18. That when it came time for Plaintiff to submit his order, the "Order Total" for Plaintiff's purchase came out to "$222.91."

19. That the total purchase price for Plaintiff's transaction (with shipping costs included) should have only been $160.43, based on the pricing information provided on Defendant's website, which means Defendant charged Plaintiff an overage of $71.43.

20. That there were no other line-item charges listed on the Plaintiff's "Order Summary" to account for the overage of $71.43.

21. That there were no other line-item charges or surcharges listed on Plaintiff's order confirmation to account for the overage of $71.43.

22. That notwithstanding this mysterious overage charge of $71.43, Defendant claims that it is "completely transparent and let[s] you decide what's best for you." on its website.

23. That the customers who visit Defendant's website are likely to, and the Plaintiff did in fact, submit his order without noticing that the Defendant inflated its prices and charged Plaintiff for more than the prices advertised on its website.

24. That upon information and belief, millions of Defendant's customers do not realize that they have been subject to an overcharge.

25. That Defendant knowingly inflated its costs and unlawfully hid excess charges from customers like the Plaintiff.

26. That the Defendant's advertisements are falsified and misleading to attract customers, like the Plaintiff, to its website.

27. That the prices listed on Defendant's website deceptively lured the Plaintiff to buy his contact lenses from the Defendant.

28. That Defendant's website contains misrepresentations regarding its prices and feeds customers misleading information in a deceptive manner.

29. That the Defendant's representations are material to the customer's decision-making process and have the capacity to deceive, and actually do deceive, customers, like the Plaintiff.

30. That as a result of Defendant's conduct, Plaintiff and others similarly situated, have been damaged.

## FIRST CAUSE OF ACTION

31. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. That the Defendant, by engaging in the conduct described above, violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

33. That through its sale of contact lenses, Defendant used in interstate commerce false and/or misleading descriptions of fact and false and/or misleading representations of fact, that in commercial advertising or promotion, misrepresented the nature, characteristics and qualities of Defendant's goods, services, and commercial activities.

34. That Defendant's advertisements regarding the price of its contact lenses were false and misleading in that Defendant's website represents that the advertised contact lenses were available for sale at one price, when in truth they were never available for sale at that deceptively low advertised price.

35. That the Defendant's advertisements had the capacity to deceive, and actually did deceive, consumers like the Plaintiff.

36. That the Defendant's advertisements had the capacity to lead consumers to believe, and actually did lead consumers, like the Plaintiff, to believe, that the advertised contact lenses were available for sale from that Defendant at one price, when in truth they were only available for sale at a much higher price.

37. That the deception on Defendant's website had a material effect on purchasing decisions of consumers, like the Plaintiff.

38. That the Defendant's website misrepresentations affect interstate commerce, as the Defendant advertises across state lines and sells products in interstate commerce.

39. That the Plaintiff and class members were likely to have been, and actually were, injured as a result of Defendant's false advertising and other conduct.

40. That by its conduct alleged herein, Defendant has also violated Cal. Civ. Code §1750, et seq. for its material misrepresentations and omissions.

41. That by its conduct alleged herein, Defendant has also violated California common law, the implied covenant of good faith and fair dealing, as well as Cal. Civ. Code §§1709-1710 for its deceitful business practices.

42. That Plaintiff seeks an order enjoining Defendant from committing such unlawful,

unfair, and fraudulent business practices and an order granting restitution in an amount to be proven at trial and an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION

43. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. The California Business and Professions Code §17500, et seq., prohibits false or deceptive advertising to consumers about the nature of a product or service.

45. That Defendant, by engaging in the acts hereinabove described, has committed violations under California Business and Professions Code §17500 et seq.

46. That the Defendant is a corporation in the business of selling contact lenses to consumers, like the Plaintiff, via the internet.

47. That the Defendant acted with intent and knowingly and/or recklessly misrepresented objective facts, i.e. its price per item.

48. That Defendant's misrepresentations and nondisclosures are material, in that a reasonable person would have attached importance to said information and would be induced to act on said information in making purchase decisions.

49. That the Plaintiff and class members reasonably relied on the representations and/or omissions of the Defendant to purchase products from the Defendant.

50. That the Plaintiff and class members suffered financial harm as a consequence of Defendant's false advertising.

51. That pursuant to California Business and Professions Code § 17506, the Plaintiff and class members are entitled to recover actual damages and restitution.

## THIRD CAUSE OF ACTION

52. The Plaintiff repeats and realleges each and every allegation set for above as if reasserted and realleged herein.

53. That the Consumer Legal Remedies Act ("CLRA") or Cal. Civ. Code §1750, et

seq. protects consumers against unfair and deceptive business practices and provides efficient and economical procedures to secure such protection.

54. That Defendant, by engaging in the acts hereinabove described, has committed violations of the CLRA.

55. That the Defendant is a "person" within the meaning of Cal. Civ. Code § 1761(c).

56. That the Plaintiff is a "consumer" within the meaning of Cal. Civ. Code § 1761(d).

57. That the products and services marketed and sold by Defendant are "goods" and "services" within the meaning of Cal. Civ. Code § 1761(a) and (b), respectively.

58. That the purchase of goods at issue here constitutes a "transaction" within the meaning of Cal. Civ. Code § 1761(e).

59. That the purchase of goods at issue here was for personal, family and household purposes within the meaning of Cal. Civ. Code § 1761(d).

60. That venue is proper because a substantial number of unlawful transactions occurred in this district.

61. That Defendant intentionally deceived Plaintiff and continues to deceive the public by misrepresenting its prices, failing to disclose excess charges or the true prices of its goods and services, and by misrepresenting and failing to adequately disclose material information about the true prices of its goods and services.

62. That the Plaintiff contacted Defendant to notify it of its unlawful conduct pursuant to Cal. Civ. Code § 1782, et seq.

63. That Defendant has a duty to adequately disclose pricing information to its consumers, like the Plaintiff.

64. That the Defendant's misrepresentations and nondisclosures deceive, and have a tendency to deceive, the general public.

65. That the Defendant's misrepresentations and nondisclosures are material, insofar as a reasonable person would attach importance to said information and would be induced to act on said information in making purchase decisions.

66. That the Plaintiff reasonably relied on Defendant's misrepresentations and would not have purchased goods from the Defendant had he known the truth.

67. That as a result of Defendant's conduct, Plaintiff and class members have been damaged.

## FOURTH CAUSE OF ACTION

68. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

69. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

70. That Defendant, by engaging in the acts hereinabove described, has committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

71. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

72. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant's conduct.

73. That the Defendant has been unjustly enriched by committing said acts.

74. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages.

75. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

76. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

## FIFTH CAUSE OF ACTION

77. The Plaintiff repeats and realleges each and every allegation set forth above as if

reasserted and realleged herein.

78. That Defendant, by engaging in the acts hereinabove described, has violated the covenant of good faith and fair dealing.

79. That Defendant abused its discretion by imposing various fees and charges on its customers, like the Plaintiff, and by failing to properly disclose said charges at the point of purchase.

80. That upon information and belief, Defendant imposes extra fees and hidden surcharges on customers like the Plaintiff as a covert way of increasing its profits.

81. That Defendant's imposition of extra fees and hidden surcharges defied the reasonable expectations of consumers, like the Plaintiff.

82. That Defendant's conduct was objectively unreasonable, arbitrary and in bad faith and therefore has the effect of denying consumers like the Plaintiff the full benefit of their bargain with the Defendant.

83. That Plaintiff performed all of his obligations toward the Defendant, whereas there is no legitimate excuse or defense for Defendant's conduct.

84. That as a result of Defendant's conduct, Plaintiff and class members have been damaged.

85. That because Defendant cannot defend its overcharging and cannot find any grounds to excuse its abuses of discretion, it cannot preclude the Plaintiff for recovering for Defendant's breaches of good faith and fair dealing.

## **CLASS ALLEGATIONS**

86. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

87. This action is brought on behalf of Plaintiff and the members of a class.

88. That the class consists of all persons whom Defendant's records reflect visited Defendant's website to purchase contact lenses, were misled based on Defendant's misrepresentations and paid for charges that were not properly disclosed by Defendant at the time

of purchase.

89. That upon information and belief, Plaintiff alleges that the number of putative Class Members in the class exceeds five million and that the aggregate overcharges in each putative Class exceed $10 million, exclusive of interest and costs.

90. There is a special and compelling need for nationwide class certification. The relatively small dollar amounts charged to each consumer make individual actions uneconomical. Therefore, it is extremely unlikely that individual claims will be brought against Defendant. Defendant would not be able to retain its ill-gotten gains in the absence of a nationwide class action.

53. There is an acute danger of inconsistent verdicts in other states if class certification is limited to California. This is the type of case that needs to be adjudicated once for the entire nation. Any state law variations fall into a limited number of predictable patterns and do not render the action unmanageable if it is certified as a nationwide class action.

54. The choice of California as the forum for the nationwide class action is not arbitrary or unfair. The contacts with California are more significant than any other state, including the fact that California is the most populous State with approximately 12% of the population of the United States and therefore it is likely that there are more Class Members in California than any other State.

55. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the unlawful conduct by Defendant, including Defendant's deceptive marketing practices and false advertising, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant committed various misrepresentations and/or violated the aforementioned statutes by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers like the

Plaintiff, a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories. All putative Class Members have suffered identical injuries, that is overcharges for inaccurate or unauthorized surcharges.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and consumer-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

56. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing consumer protection statutes and other laws. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. All applicable notice deadlines and statutes of limitations have been tolled by the delayed discovery rule.

58. That as this case progresses and the parties engage in discovery exchange, the putative Class will be subject to further definition and refinement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative Class Members pray for the following relief:

1. An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;
2. Equitable and injunctive relief;
3. Restitution;
4. Judgment for damages, including actual, statutory, treble and punitive, where

applicable;

5. Pre- and post-judgment interest on the above amount;

6. Attorney's fees and costs of this action; and

7. For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant(s) and its agents, employees, affiliates and/or subsidiaries, from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Dated: May 19, 2023                    AMIR J. GOLDSTEIN, ESQ.

                                                                                    /S/ Amir J. Goldstein
Amir J. Goldstein, Esq.
Attorney for Plaintiff